FILED

04/19/2024

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES JUDICIAL P̲
on
MULTIDISTRICT LITIGATI̲

M. H. v. Hain Celestial Group Inc. et al

IN RE: BABY FOOD MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION (NO. II)

MDL No. 3101

FILED
CLERK, U.S. DISTRICT COURT

4/22/24

CENTRAL DISTRICT OF CALIFORNIA
BY: eee DEPUTY

8:23-cv-02203-FWS-JDE

TRANSFER ORDER

**Before the Panel**:*  Plaintiffs in four actions[1] move under 28 U.S.C. § 1407 to centralize this litigation in the District of Nevada, the Northern District of California, the Central District of California, or the Eastern District of Louisiana.  This litigation consists of ten actions pending in six districts, as listed on Schedule A.  In addition, the parties have informed the Panel of fifteen related actions pending in nine districts.[2]

All responding plaintiffs support centralization.  Most of these plaintiffs additionally suggest the Western District of Missouri as the transferee district for this litigation.  In contrast, all responding defendants oppose centralization. Defendants Beech-Nut Nutrition Company, Campbell Soup Company, Gerber Products Company, Hain Celestial Group, Inc., Nurture, LLC, Plum PBC, Sprout Foods, Inc., and Walmart, Inc., all suggest, in the alternative, the Southern District of New York as the transferee venue for any MDL.  Nurture also argues, in the alternative, that any MDL should include the Eastern District of Louisiana *Watkins* action (one of the fifteen related actions).  Defendants Amazon.com Services, LLC, and Whole Foods Market Services, Inc., oppose inclusion of *Watkins* in any MDL.[3]  These two defendants also alternatively suggest the Eastern District of Louisiana or the Southern District of Texas as the transferee district.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  Plaintiffs in each action, who are minors, allege they were

---

* Judge Nathaniel M. Gorton did not participate in the decision of this matter.

[1] Movants include plaintiffs in the Northern District of California *A.A.* case, the Central District of California *M.H.* and *D.S.* cases, and the Western District of Washington *Mosely* case.

[2] These and any other related actions are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1, and 7.2.

[3] Moving plaintiffs initially requested that *Watkins* be excluded from any MDL, but at oral argument counsel indicated that all plaintiffs now support inclusion of *Watkins*.

- 2 -

exposed to elevated quantities of toxic heavy metals (namely, arsenic, lead, cadmium, and mercury) from consuming defendants' baby food products and, as a result, suffered brain injury that manifested in diagnoses of autism spectrum disorder (ASD) and/or attention deficit hyperactivity disorder (ADHD). All actions share common issues of fact regarding the presence of heavy metals in defendants' products, their knowledge of and testing for heavy metals in their products, whether the presence of these heavy metals could have caused plaintiffs' alleged injuries, and whether defendants adequately warned of the presence of heavy metals in their products. Further, plaintiffs allege that defendants to date have presented a unified defense of these actions, including overlapping defenses and motion practice. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

The opponents of centralization argue that each defendant manufactures, markets, and distributes its own baby food products subject to different manufacturing processes, suppliers, and quality control procedures. Undoubtedly, there will be significant differences between the claims against each defendant. But a complete identity or even a majority of common factual or legal issues is not a prerequisite to transfer under Section 1407. *See In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, 780 F. Supp. 2d 1379, 1381 (J.P.M.L. 2011). There likely will be overlap in the discovery as to the defendants, who plaintiffs allege had "co-manufacturing" agreements as to their baby food products and shared third-party testing agencies. Common expert discovery, as to both plaintiffs and defendants, also is probable. Centralization will facilitate a uniform and efficient pretrial approach to this litigation, eliminate duplicative discovery, prevent inconsistent rulings on expert testimony and other pretrial issues, and conserve the resources of the parties, their counsel, and the judiciary. *Cf. In re Hair Relaxer Mktg., Sales Pracs., & Prods. Liab. Litig.*, 655 F. Supp. 3d 1374, 1376–77 (J.P.M.L. 2023) (centralizing actions involving multiple competing defendants who sold different lines of products).

Defendants further contend that much of the common discovery has already been completed in two prior cases (a California state court action and a Texas federal action). Plaintiffs, though, convincingly argue that additional discovery will be necessary as to products not at issue in those two actions. Centralization will eliminate any potential for duplicative discovery and inconsistent pretrial rulings (particularly with respect to expert admissibility and other dispositive issues).

We previously denied a motion to centralize numerous economic loss class actions involving similar claims relating to baby foods. *See In re Baby Food Mktg., Sales Pracs. & Prods. Liab. Litig.*, 544 F. Supp. 3d 1375 (J.P.M.L. 2021). Most of the actions on that motion, however, named only a single defendant and, critically, most were filed in or had been transferred via Section 1404 to the district where that defendant was headquartered. *Id.* at 1377–78 ("We believe it is better to allow the parties' attempts to self-organize play out before centralizing any part of this litigation."). Here, in contrast, the actions on the motion all present personal injury claims, and all but one is brought against multiple manufacturers. And there are now 25 related actions pending in eleven districts involving multiple different plaintiffs' counsel. In these circumstances, we are not convinced that alternatives to centralization—such as informal cooperation between the parties and coordination among the involved courts—are preferable to centralization.

- 3 -

We do not discount the case management-related complexities that a multi-product and multi-defendant MDL such as this may entail.  But in the circumstances presented here, centralization under Section 1407 is the best course for all the actions.  As we repeatedly have stated, a transferee judge can employ any number of techniques, such as establishing separate discovery and motion tracks, to manage pretrial proceedings efficiently.   If, after close examination, the transferee judge determines that Section 1407 remand of any claims or actions involving a particular defendant or product is appropriate, procedures are available to accomplish this with minimal delay.  *See* Panel Rules 10.1 to 10.3.

The parties' arguments as to inclusion of the Eastern District of Louisiana *Watkins* action are premature as that action is not on the motion before us.  *See In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig.*, 787 F. Supp. 2d 1358, 1360 (J.P.M.L. 2011).  Should the Panel issue an order conditionally transferring *Watkins* to the MDL, the parties at that time may move to vacate the conditional transfer order.  *See* Panel Rule 7.1.

The Northern District of California is an appropriate transferee district for this litigation.  Five of the actions (including potential tag-along actions) are pending in this district, which provides a convenient and accessible location for this nationwide litigation.   Additionally, centralization in this district will facilitate coordination with the ongoing California state court baby food litigation.  We assign this litigation to the Honorable Jacqueline Scott Corley, an experienced jurist who we are confident will steer this litigation on a prudent and expeditious course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Jacqueline Scott Corley for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that MDL No. 3101 is renamed *In re: Baby Food Products Liability Litigation*.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Matthew F. Kennelly          David C. Norton
Roger T. Benitez             Dale A. Kimball
Madeline Cox Arleo

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.

ATTEST:
MARK B. BUSBY
Clerk, U.S. District Court
Northern District of California

by:
Deputy Clerk
Date:   04/19/2024

**IN RE: BABY FOOD MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION (NO. II)**                MDL No. 3101


## SCHEDULE A


District of Arizona

CLARK v. HAIN CELESTIAL GROUP INCORPORATED, ET AL.,
    C.A. No. 2:23−02607

Central District of California

D.S. v. HAIN CELESTIAL GROUP, INC., ET AL., C.A. No. 2:23−10193
M.H. v. HAIN CELESTIAL GROUP, INC., ET AL., C.A. No. 8:23−02203

Northern District of California

A., ET AL. v. HAIN CELESTIAL GROUP, INC., ET AL., C.A. No. 3:23−06087
V.Z. v. GERBER PRODUCTS COMPANY, C.A. No. 3:23−06324
A.T. v. GERBER PRODUCTS COMPANY, ET AL., C.A. No. 3:23−06344

Western District of Missouri

H.N. v. GERBER PRODUCTS COMPANY, ET AL., C.A. No. 4:23−00942

District of Nevada

P., ET AL. v. BEECH-NUT NUTRITION COMPANY, INC., ET AL.,
    C.A. No. 2:23−00344
MAGLINTI, ET AL. v. BEECH-NUT NUTRITION COMPANY, INC., ET AL.,
    C.A. No. 2:23−02121

Western District of Washington

MOSLEY v. HAIN CELESTIAL GROUP, INC., ET AL., C.A. No. 3:23−06176